ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FITZGERALD GEORGES,

                Plaintiff,

      -against-

BARBARA A. PETERS, PETER
GIARRIZZO, and the ELMSFORD
UNION FREE SCHOOL DISTRICT,

                Defendants.
-----------------------------------------------------------x

'10 CIV 07436

10 Civ. ( )

COMPLAINT

JUDGE KARAS

**Jury Trial Demanded**

      Plaintiff FITZGERALD GEORGES, by his attorneys Lovett & Bellantoni, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages proximately resulting from conduct jointly engaged in by Defendants, while acting under color of the law of the State of New York, violative of Plaintiff's rights as guaranteed by the United States Constitution and the laws of the United States.

## JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. In connection with Plaintiff's Title VII claim, he timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. The United States Department of Justice thereafter issued a Notice of Right to Sue which was received by Plaintiff on July 2, 2010.

## THE PARTIES

      3. Plaintiff FITZGERALD GEORGES is a male, African-American citizen of the United

States, a domiciliary of the State of New York and a resident of the City of New York. Except as otherwise expressly noted *infra* he was employed as an Assistant Principal at the Alexander Hamilton High School of the Defendant District. In that connection, and until matters pertaining to racially discriminatory conduct arose concerning Plaintiff, his job performance was consistently regarded by his employer as satisfactory.

3. Defendant BARBARA A. PETERS (hereinafter "Peters"), who is sued in her personal capacity, at all relevant times relevant to this complaint was the Caucasian Superintendent of Schools of the said District.

4. Defendant PETER GIARRIZZO (hereinafter "Giarrizzo"), who is sued in his personal capacity, at all times relevant to this complaint was the Caucasian Assistant Superintendent for Instruction for the said District.

5. Defendant ELMSFORD UNION FREE SCHOOL DISTRICT (hereinafter "District") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. At the time of the events set forth *infra* Plaintiff was the only African-American administrator employed by the District - - which has a student population comprised of sixty-five percent Hispanics and twenty-five percent African-Americans. As a matter of past practice when the District has been confronted with cross-complaints of sexual harassment (as in the case of now former administrator Michael Senno and Sandra Calvi), the District has brought disciplinary charges against the male despite the District's awareness that the female (Calvi) was attempting to extort sexual favors from Senno - - behavior the then Superintendent of Schools appreciated evidenced a "fatal attraction".

## THE FACTS

6. In 2009 Giarrizzo appointed Plaintiff to a so-called "Focus Group" formed to provide input and/or insight from the community into the selection process for a new principal to be hired for the Alexander Hamilton School.

7. In June of 2009 Plaintiff provided that input/insight from the community, advising Peters, Giarrizzo, and another female administrator (Sandra Calvi, hereinafter "Calvi") that the community members with whom he had spoken had expressed serious concerns that there were no African-American and/or Hispanic candidates being considered by the District for appointment as principal to the School.

8. In response to Plaintiff's communication Diarrizzo disparagingly remarked, in the presence of Peters and Calvi: "What do they want, we hired you, didn't we?" Neither Peters nor Calvi protested Giarrizzo's offensive comment.

9. Following that racist, token-Black remark, Plaintiff learned that Calvi had added her own racist commentary advising at least one staff member that Plaintiff "does not know anything" and that he probably got his job with the District because he is Black.

10. The District subsequently hired a male Caucasian as principal.

11. In October of 2009, during the tail-end of a long-term series of sexual harassment complaints and cross-complaints made by a female Caucasian employee (Beth Fletcher) and an African-American employee (Clarence Hewins), Fletcher approached Plaintiff when he was engaged in conversations with several individuals in the High School hallway and inquired: "Did you hear what he said?".

12. Having no idea what Fletcher was talking about and having heard nothing whatsoever as allegedly said to her, Plaintiff sought to inquire of Fletcher what she meant; before he could

do so she hastily walked away.

13. Consistent with past practice the District then "investigated" Fletcher's complaint that Hewins was sexually harassing her and in that connection subjected Plaintiff to a series of interrogations (endorsed by Peters) - - by Giarrizzo and members of the District's labor law firm - - manifestly designed to "persuade" Plaintiff as an African-American administrator to "get on board" and provide some sort of smoking gun to be used against Hewins because he was a male African-American subject to accusations as made by a female Caucasian.

14. In furtherance of the "get on board" policy, Plaintiff was repeatedly asked whether he was "<u>sure</u>" he did not hear Hewins make sexually harassing comments to Fletcher. Plaintiff's truthful denials that he had not been privy to any such statements and his repeated refusals to agree to provide false testimony against Hewins were met with expressions of incredulity manifestly premised upon the belief - - shared by Peters - - that Plaintiff was refusing to testify against Hewins because they are both African-Americans.

15. Following the termination of Hewins' employment by the District, and by letter dated January 6, 2010, Giarrizzo (acting with the knowledge and on behalf of Peters) "counseled" Plaintiff because of his race and gender by falsely accusing him of mishandling a complaint of sexual harassment brought to his attention by Fletcher and failing to address Fletcher's complaint. In that connection Giarrizzo also falsely accused Plaintiff of failing to report his hallway "conversation" with Fletcher, a circumstance Giarrizzo characterized as "a gross error in judgment and incompetence".

16. On January 13, 2010, Plaintiff was summoned to a meeting with Peters and amongst others Giarrizzo. Giarrizzo gave Plaintiff a second copy of the January 6th correspondence on the basis of which Peters, motivated by racial and gender-based animosity and angered by Plaintiff's

refusal to "get on board" with the Caucasians advocating the termination of a male African-American, demanded that Plaintiff resign his employment in writing by January 21, 2010.

17. On January 20, 2010, Plaintiff filed a Charge of Discrimination against the District with the United States Equal Employment Opportunity Commission. Simultaneous with that filing Plaintiff, through counsel, in writing advised Peters of the filing (premised upon race, color, sex and retaliation) and cautioned against retaliation on the premise that causally related retaliation would be independently actionable for damages regardless of the underlying allegations as contained in the Charge.

18. By correspondence dated January 21, 2010, Peters advised Plaintiff that by reason of his failure to timely resign in accordance with her directive, she was recommending to the Board of Education the termination of his employment. The Board in fact terminated that employment on March 3, 2010.

19. Defendants subsequently replaced Plaintiff with a lesser qualified female, albeit another "token" African-American.

## AS AND FOR A FIRST CLAIM AGAINST THE DISTRICT

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

21. Under the premises the District's conduct violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A SECOND CLAIM
## AGAINST THE DISTRICT

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

23. Under the premises the District's retaliatory conduct violated Plaintiff's rights as guaranteed by Title VII.

## AS AND FOR A THIRD CLAIM
## AGAINST THE DISTRICT

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

25. The District's retaliatory action, taken against Plaintiff by Peters and Giarrizzo as a proximate result of his refusal to give false testimony on behalf of the District against Hewins, violated Plaintiff's rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST PETERS, GIARRIZZO
## AND THE DISTRICT

26. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

27. Giarrizzo and Peters' race-motivated retaliation that causally resulted in Plaintiff's termination of employment violated his rights as guaranteed by 42 U.S.C. §1981 and/or §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding against the District such compensatory damages as the jury shall determine,

b. Awarding against Giarrizzo and Peters such compensatory and punitive damages as the jury shall determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: Hawthorne, N.Y.
September 20, 2010

LOVETT & BELLANTONI, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
37A Saw Mill River Road
Hawthorne, N.Y. 10532
914-347-4500