

13-4177
*Georges v. Peters*

N.Y.S.D. Case # 10-cv-7436(VB)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand and fourteen.

PRESENT:  AMALYA L. KEARSE,
          RICHARD C. WESLEY,
          DENNY CHIN,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 17, 2014

FITZGERALD GEORGES,

        *Plaintiff-Appellant*,

    -v.-                      No. 13-4177

BARBARA A. PETERS, PETER GIARRIZZO,
ELMSFORD UNION FREE SCHOOL
DISTRICT,

        *Defendants-Appellees.*

FOR APPELLANT:       BRYAN D. GLASS, Glass Krakower LLP, New York, NY.

| | |
|---|---|
| FOR APPELLEES: | STEVEN C. STERN, Anthony F. Cardoso, Sokoloff Stern LLP, Carle Place, NY. |

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Fitzgerald Georges brought claims under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] With regard to Georges's Title VII race discrimination and First Amendment retaliation claims, we affirm for substantially the same reasons stated by the district court in its memorandum decision.

We affirm the district court's dismissal of Georges's retaliation claims under Title VII and § 1981 on an alternate ground. *See Eichelberg v. Nat'l R.R. Passenger Corp.*, 57 F.3d 1179, 1186 n.6 (2d Cir. 1995). "In order to make out a *prima facie* case of retaliation, a plaintiff must show by a preponderance of the evidence [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir.

---

[1] "We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011).

2

2001) (internal quotation marks omitted). A plaintiff must establish but-for causation to prevail on a retaliation claim. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Here, no reasonable jury could find that Georges had established a causal nexus between the EEOC charge and his termination. We have held that "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery*, 248 F.3d at 95. Prior to Georges filing his EEOC charge, Appellees had written Georges multiple warning letters related to instances where he had mishandled his job responsibilities, and his supervisor had notified Georges of her decision to recommend termination of his employment. Georges cannot establish a causal nexus between his EEOC charge and the Board of Education's termination vote, and therefore he has not made out a prima facie case of retaliation.

We have considered all of Georges's contentions on this appeal and have found them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit